UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


PHILLIS PETERSON,                    )      CASE NO.  1:05 CV 2950
                                     )
                                     )
          Plaintiff,                 )      JUDGE KATHLEEN M. O'MALLEY
                                     )
     v.                              )
                                     )      MEMORANDUM OF OPINION
UNITED STATES OF AMERICA,            )
                                     )
          Defendant.                 )

―――――――

          Pro se plaintiff Phillis Peterson originally filed this action in the Cleveland

Municipal Court, Small Claims Division.[1]  See Peterson v.  Sikora c/o NASA Glenn Research,

No. 05 CVI29623.  On December 22, 2005, the action was removed to this court by named

defendants John Hairston and William Sikora pursuant to 28 U.S.C. §§1441, 1442, 1446 and

2679.[2]  Defendants filed a Notice of Substitution of the United States as Defendant on the same

―――――――――――――――

[1]      Defendant avers that this action commenced on or about November 25, 2005.

[2]      A copy of each summons, dated November 29, 2005, was attached to defendant's Notice
of Removal.  The government avers that the municipal court indicated that William Sikora and
John Hairston received a copy of the Summons and Complaint by certified mail on or about
December 2, 2005.

date the Notice of Removal was filed.  No timely motion to remand was  filed or is pending in

this case.  See 28 U.S.C. § 1447(c). The matter is now before the court for disposition.

*Factual Background*

In her brief complaint, Ms. Peterson alleges that she worked for John Hairston

from May 13, 2005 until July 15, 2005.  During that time period she was tasked to coordinate

NASA programs in Youngstown, Ohio.

Mr. Hairston fired Ms. Peterson on July 15, 2005 for "unethical reasons." She

alleges that since that date Mr.  Hairston has failed to pay her for two stipends to which she

believes she is entitled as a Team Leader.  She now seeks a judgment against Mr. Hairston and

Mr. Sikora and damages in the amount of $500 "for [the] cost of one stipend for working as a

team leader for defendant #1."  (Compl. at 1.)

*Party Substitution*

Defendants John Hairston and William Sikora are both employed at the NASA

Glenn Research facility in Cleveland, Ohio.  Pursuant to 28 U.S.C. § 2679, and by virtue of the

authority vested in him by the Attorney General, the United States Attorney has certified  that

these individuals were acting within the scope of their employment as employees of the United

States at the time of the incident outlined in the complaint.   The Sixth Circuit has held that "[t]he

Attorney General's certification provides prima facie evidence that the employee was acting

within the scope of employment." RMI Titanium Co. v. Westinghouse Electric Corp., 78 F.3d

1125, 1143 (6th Cir.1996).

Ms. Peterson alleges she was working for Mr. Hairston at the time she was

coordinating programs for NASA.  Although there are no allegations that address Mr. Sikora's

role in this lawsuit, other than his status as an employee at NASA Glenn Research, the court can only presume he is named under some theory of respondeat superior.  Moreover, thirty days have passed since the removal of this action without objection.  Upon due consideration of these facts and the conclusive establishment of "scope of employment" as the basis for removal, see 28 U.S.C. §2679(d)(2), the United States is hereby substituted as the party defendant in this action.

*Federal Tort Claims Act*
*Exhaustion Required*

Lawsuits against governmental employees acting in their official capacities are treated as suits against the government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The United States has consented to defending common law tort claims for libel, slander, misrepresentation, deceit, or interference with contract rights. 28 U.S.C. § 2680(h). However, the FTCA requires a plaintiff seeking money damages to exhaust  his or her administrative remedies prior to instituting such a lawsuit. Id. § 2675(a); see McNeil v. United States, 508 U.S. 106, 113 (1993) (holding that exhaustion is a prerequisite to filing suit under the FTCA); Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir.1991) (same).  "[T]he United States' removal of . . . [a] case from state court to district court does not eliminate the jurisdictional requirement that a timely administrative claim be filed. Rogers v. United States, 675 F.2d 123, 124 (6th Cir.1982)(citing Meeker v. United States, 435 F.2d 1219 (8th Cir. 1970)).

Ms.  Peterson alleges that she expected two stipends for the work she provided for Mr.  Hairston.  She alleges her work period was prematurely terminated for "unethical reasons," she has not received the stipends, and Mr. Hairston has refused to provide payment.  While her

claims may sound in tort, there is no allegation that Ms. Peterson has conformed to the

administrative exhaustion requirement of the FTCA.

Under the FTCA, she should have filed a claim with the appropriate federal

agency and waited for the claim to be denied before filing suit in this court.  See 28 U.S.C. §

2675(a)("action shall not be instituted . . . against the United States for money damages . . .

unless claimant shall have first presented the claim to the appropriate Federal agency").  Without

satisfying this prerequisite, the court lacks subject matter jurisdiction over Ms. Peterson's tort

claim against the United States. See Executive Jet Aviation, Inc. v. United States, 507 F.2d 508,

514-515 (6th Cir. 1974)(procedure prescribed by § 2675 is jurisdictional; absent statutory

compliance the suit may not be maintained).

Accordingly, this action is dismissed without prejudice for failing to present the

claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a).   The court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT COURT

DATED:  February 7, 2006